1  **SYED A. HASAN, CA Bar No. 167323**
   art.hasan@cph.com
2  **GARY DUKARICH, CA Bar No. 188561**
   gary.dukarich@cph.com
3  **CHRISTIE, PARKER & HALE, LLP**
   350 West Colorado Boulevard, Suite 500
4  Post Office Box 7068
   Pasadena, California 91109-7068
5  Telephone: (626) 795-9900
   Facsimile: (626) 577-8800
6
7  Attorneys for Defendants
   Human Touch LLC and
8  Interactive Health, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>HUMAN TOUCH LLC, a Delaware company, INTERACTIVE HEALTH, INC., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 08 CV 1080-BTM (CAB)<br><br>**ANSWER AND COUNTERCLAIM;**<br><br>**DEMAND FOR JURY TRIAL**<br><br><u>**Hon. Barry Ted Moskowitz**</u> |
| HUMAN TOUCH LLC, a Delaware limited liability company, and INTERACTIVE HEALTH, INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Counterdefendant. | |

CHRISTIE, PARKER & HALE, LLP

# ANSWER

For their Answer to Plaintiff's Complaint, Defendants Human Touch LLC and Interactive Health, Inc. (collectively, "Human Touch") admit, deny, and allege as follows:

1. Regarding the allegations in the first sentence of Paragraph 1, such allegations are unintelligible and Human Touch has insufficient information to form a belief as to their truth or falsity, and therefore denies them. Regarding the allegations in the second sentence of Paragraph 1, Human Touch admits that Exhibit A to the Complaint appears to be a copy of U.S. Patent No. 4,935,184.

2. Human Touch admits the allegations in Paragraph 2.

3. Human Touch admits the allegations in Paragraph 3.

4. Regarding the allegations in the first sentence of Paragraph 4, Human Touch has insufficient information to form a belief as to their truth or falsity, and therefore denies them.

5. Regarding the allegations in Paragraph 5, Human Touch admits that Interactive Health, Inc. is a predecessor in interest to Human Touch LLC. Human Touch otherwise denies all the allegations in Paragraph 5.

6. Regarding Paragraph 6, Human Touch contends that this paragraph does not contain any factual allegations requiring a response, but to the extent that it may, Human Touch denies them. However, Human Touch does not contest the subject matter jurisdiction of this Court.

7. Human Touch denies the allegations in Paragraph 7.

8. Human Touch denies the allegations in Paragraph 8.

9. Human Touch by this reference hereby incorporates the admissions,

denials, and allegations in Paragraphs 1 through 8 above as though fully set forth herein.

10. Human Touch admits the allegation in Paragraph 10.

11. Human Touch denies the allegations in Paragraph 10.

12. Regarding Paragraph 12, Human Touch contends that this paragraph does not contain any factual allegations requiring a response, but to the extent that it may, Human Touch denies them.

13. Human Touch denies the allegations in Paragraph 13.

14. Human Touch denies the allegations in Paragraph 14.

15. Regarding the allegations in Paragraph 15, such allegations are too vague to permit Human Touch to form a belief as to their truth or falsity, and Human Touch therefore denies them.

16. Human Touch denies the allegations in Paragraph 16.

17. Human Touch denies the allegations in Paragraph 17.

18. Human Touch denies the allegations in Paragraph 18.

19. Human Touch denies the allegations in Paragraph 19.

20. Human Touch denies the allegations in Paragraph 20.

21. Human Touch denies the allegations in Paragraph 21.

22. Human Touch denies the allegations in Paragraph 22.

## Affirmative Defenses

### First Affirmative Defense

Defendants and their products have not and do not infringe directly, contributorily or by inducement any valid claim of U.S. Patent No. 4,935,184 (the

CHRISTIE, PARKER & HALE, LLP

"'184 Patent"), and Defendants are not liable in any respect for any infringement of the '184 Patent by anyone.

### Second Affirmative Defense

Because of the prior state of the art, the language of the claims of the '184 Patent, and the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which led to issuance of the '184 Patent, Plaintiff is estopped from maintaining that its claims cover any products of Defendants, and is therefore also estopped from maintaining that Defendants have directly or contributorily infringed or induced anyone to infringe any claims of the '184 Patent.

### Third Affirmative Defense

The '184 Patent is invalid and void for failing to comply with one or more of the requirements for patentability specified in 35 U.S.C. Sections 102, 103 and 112.

### Fourth Affirmative Defense

The '184 Patent is unenforceable due to inequitable conduct in the prosecution of the applications leading to issuance of the '184 Patent.

### Fifth Affirmative Defense

Plaintiff's claims for damages are barred in whole or in part by failure to mark the patent number as required by 35 U.S.C. Section 287(a).

### Sixth Affirmative Defense

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

CHRISTIE, PARKER & HALE, LLP

### Seventh Affirmative Defense

This Court lacks jurisdiction over the person of defendants, and/or venue in this district is improper.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, release, estoppel, and/or unclean hands.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages.

### Further Affirmative Defenses

Defendants hereby give notice that they intends to rely upon such other and further affirmative defenses as may become available during discovery proceedings in this case and hereby reserve their right to amend their Answer to assert such defenses.

WHEREFORE, having fully defended, Defendants Human Touch LLC and Interactive Health, Inc. pray for judgment as follows:

1. That Plaintiff take nothing by its Complaint, and that the Complaint be dismissed with prejudice;

2. That Human Touch be awarded its costs of suit, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaimants Human Touch LLC and Interactive Health, Inc., (collectively, "Human Touch"), for their Counterclaim against Counterdefendant Jens Erik Sorensen, as Trustee of Sorensen Research And Development Trust ("Sorenson"), allege as follows:

1. Counterclaimant Human Touch LLC is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 3030 Walnut Avenue, Long Beach, California 90807.

2. Counterclaimant Interactive Health, Inc. is a corporation organized under the laws of the State of Delaware, having a principal place of business at 3030 Walnut Avenue, Long Beach, California 90807.

3. Counterclaimants are informed and believe, and thereon allege, that Counterdefendant Sorenson is an individual residing in California and the trustee of the Sorensen Research and Development Trust, a trust organized according to the laws of the State of California, and that either Sorensen or the Sorensen Research and Development Trust is the owner of all rights to United States Patent No. 4,935,184 (the "'184 Patent"), a copy of which was attached as Exhibit A to the Complaint.

4. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. Sections 1331, 1338(a), and 2201.

5. In the event that this Court may properly exercise jurisdiction over Defendants/Counterclaimants and that venue is proper for Plaintiff's claim, this

Court may also properly exercise jurisdiction over Plaintiff/Counterdefendant and venue would also be proper for the Counterclaim.

6. Counterdefendant alleges that Counterclaimants have directly or contributorily infringed or induced the infringement of the '184 Patent.

## COUNT ONE

(Declaratory Judgment – Non-infringement)

7. Paragraphs 1 through 6 of this Counterclaim are hereby realleged and incorporated by this reference as though fully set forth herein.

8. A judiciable controversy currently exists between Counterclaimants and Counterdefendant regarding the alleged infringement of the '184 Patent.

9. The '184 Patent is not infringed, either literally or under the doctrine of equivalents, by any action of Counterdefendants.

10. Counterclaimants have never contributorily infringed or induced any other party to infringe the '184 Patent.

11. A judicial determination is necessary and appropriate at this time so that the parties may determine their respective rights, duties, and interests, if any, regarding the '184 Patent.

12. Counterdefendant's actions as alleged herein have caused and continue to cause irreparable injury to Counterclaimants, and Counterclaimants will continue to suffer such irreparable injury unless and until Counterdefendant's actions are enjoined by this Court.

## COUNT TWO

(Declaratory Judgment - Patent Invalidity and Unenforceability)

13. Paragraphs 1 through 12 of this Counterclaim are hereby realleged

and incorporated by this reference as though fully set forth herein.

14. A judiciable controversy currently exists between Counterclaimants and Counterdefendant regarding the validity and enforceability of the '184 Patent.

15. The '184 Patent is invalid and void for failing to comply with one or more of the requirements for patentability specified in 35 U.S.C. Sections 102, 103 and 112.

16. The '184 Patent is unenforceable due to inequitable conduct in the prosecution of the applications leading to issuance of the '184 Patent.

17. A judicial determination is necessary and appropriate at this time so that the parties may determine their respective rights, duties, and interests, if any, regarding the '184 Patent.

18. Counterdefendant's actions as alleged herein have caused and continue to cause irreparable injury to Counterclaimants, and Counterclaimants will continue to suffer such irreparable injury unless and until Counterdefendant's actions are enjoined by this Court.

WHEREFORE, Counterclaimants Human Touch LLC and Interactive Health, Inc., demand judgment against Counterdefendant Jens Erik Sorensen, as Trustee of Sorensen Research And Development Trust, as follows:

1. For a declaration that the '184 Patent has never been infringed, either literally or under the doctrine of equivalents, by any action of either Counterdefendant, and that neither Counterdefendant has ever contributorily infringed or induced any other party to infringe the '184 Patent;

2. For a declaration that the '184 Patent is invalid and void for failing

CHRISTIE, PARKER & HALE, LLP

to comply with one or more of the requirements for patentability specified in 35 U.S.C. Sections 102, 103 and 112;

  3. For a declaration that the '184 Patent is unenforceable due to inequitable conduct in the prosecution of the applications leading to issuance of the '184 Patent;

  4. For a permanent injunction prohibiting Counterdefendant from enforcing or attempting to enforce the '184 Patent against Counterclaimants;

  5. For an award of all of Counterclaimants' costs of this action, including attorneys' fees pursuant to 35 U.S.C. Section 285 and any other applicable law; and

  6. For such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants/Counterclaimants Human Touch LLC and Interactive Health, Inc., pursuant to Federal Rule of Civil Procedure 38, hereby demand a trial by jury of all issues so triable.

DATED: July 31, 2008    Respectfully submitted,
              CHRISTIE, PARKER & HALE, LLP


              By   /s/ Gary Dukarich
                Syed A. Hassan
                Gary Dukarich
                E-mail: gsd@cph.com

              Attorneys for Defendants
              Human Touch LLC and
              Interactive Health, Inc.

# CERTIFICATE OF SERVICE

I hereby certify the following: I am over the age of 18 years and am not a party to the above-captioned action. I am a registered user of the CM/ECF system for the United States District Court for the Southern District of California.

On July 31, 2008 I electronically filed the foregoing document, styled as **ANSWER AND COUNTERCLAIM; DEMAND FOR JURY TRIAL**, with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action, listed below, are registered CM/ECF users and will be served by the CM/ECF system.

J. Michael Kaler, Esq.
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Tel: (858) 362-3151
michael@kalerlaw.com

Melody A. Kramer, Esq.
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Tel: (858) 362-3150
mak@kramerlawip.com

I declare under penalties of perjury under the laws of the United States that the foregoing is true and correct.

                                          /s/ Gary Dukarich_____
                                          Gary Dukarich

GSD IRV1114923.1-*-07/31/08 3:19 PM

CHRISTIE, PARKER & HALE, LLP