**SYED A. HASAN, CA Bar No. 167323**
art.hasan@cph.com
**GARY DUKARICH, CA Bar No. 188561**
gary.dukarich@cph.com
**CHRISTIE, PARKER & HALE, LLP**
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Defendants/Counterclaimants,
Human Touch LLC and
Interactive Health, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>HUMAN TOUCH LLC, a Delaware company, INTERACTIVE HEALTH, INC., a Delaware corporation; and DOES 1-100,<br><br>Defendants. | Case No. 08 CV 1080-BTM (CAB)<br><br>**FIRST AMENDED COUNTERCLAIM;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Hon. Barry Ted Moskowitz** |
| HUMAN TOUCH LLC, a Delaware limited liability company, and INTERACTIVE HEALTH, INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>vs.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Counterdefendant. | |

CHRISTIE, PARKER & HALE, LLP

Defendants/Counterclaimants Human Touch LLC and Interactive Health, Inc., (collectively, "Human Touch"), for their First-Amended Counterclaim against Plaintiff/Counterdefendant Jens Erik Sorensen, as Trustee of Sorensen Research And Development Trust ("Sorenson"), allege as follows:

1. Counterclaimant Human Touch LLC is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 3030 Walnut Avenue, Long Beach, California 90807.

2. Counterclaimant Interactive Health, Inc. is a corporation organized under the laws of the State of Delaware, having a principal place of business at 3030 Walnut Avenue, Long Beach, California 90807.

3. Counterclaimants are informed and believe, and thereon allege, that Counterdefendant Sorenson is an individual residing in California and the trustee of the Sorensen Research and Development Trust, a trust organized according to the laws of the State of California, and that either Sorensen or the Sorensen Research and Development Trust is the owner of all rights to United States Patent No. 4,935,184 (the "'184 Patent"), a copy of which was attached as Exhibit A to the Complaint.

4. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. Sections 1331, 1338(a), and 2201.

5. In the event that this Court may properly exercise jurisdiction over Defendants/Counterclaimants and that venue is proper for Plaintiff's claim, this Court may also properly exercise jurisdiction over Plaintiff/Counterdefendant and venue would also be proper for the Counterclaim.

CHRISTIE, PARKER & HALE, LLP

6. Counterdefendant alleges that Counterclaimants have directly or contributorily infringed or induced the infringement of the '184 Patent.

## COUNT ONE

(Declaratory Judgment – Non-infringement)

7. Paragraphs 1 through 6 of this Counterclaim are hereby realleged and incorporated by this reference as though fully set forth herein.

8. A judiciable controversy currently exists between Counterclaimants and Counterdefendant regarding the alleged infringement of the '184 Patent.

9. The '184 Patent is not infringed, either literally or under the doctrine of equivalents, by any action of Counterclaimants.

10. Counterclaimants have never contributorily infringed or induced any other party to infringe the '184 Patent.

11. A judicial determination is necessary and appropriate at this time so that the parties may determine their respective rights, duties, and interests, if any, regarding the '184 Patent.

12. Counterdefendant's actions as alleged herein have caused and continue to cause irreparable injury to Counterclaimants, and Counterclaimants will continue to suffer such irreparable injury unless and until Counterdefendant's actions are enjoined by this Court.

## COUNT TWO

(Declaratory Judgment - Patent Invalidity and Unenforceability)

13. Paragraphs 1 through 12 of this Counterclaim are hereby realleged and incorporated by this reference as though fully set forth herein.

CHRISTIE, PARKER & HALE, LLP

14. A judiciable controversy currently exists between Counterclaimants and Counterdefendant regarding the validity and enforceability of the '184 Patent.

15. The '184 Patent is invalid and void for failing to comply with one or more of the requirements for patentability specified in 35 U.S.C. Sections 102, 103 and 112.

16. The '184 Patent is unenforceable due to inequitable conduct in the prosecution of the applications leading to issuance of the '184 Patent.

17. A judicial determination is necessary and appropriate at this time so that the parties may determine their respective rights, duties, and interests, if any, regarding the '184 Patent.

18. Counterdefendant's actions as alleged herein have caused and continue to cause irreparable injury to Counterclaimants, and Counterclaimants will continue to suffer such irreparable injury unless and until Counterdefendant's actions are enjoined by this Court.

WHEREFORE, Counterclaimants Human Touch LLC and Interactive Health, Inc., demand judgment against Counterdefendant Jens Erik Sorensen, as Trustee of Sorensen Research And Development Trust, as follows:

1. For a declaration that the '184 Patent has never been infringed, either literally or under the doctrine of equivalents, by any action of either Counterclaimant, and that neither Counterclaimant has ever contributorily infringed or induced any other party to infringe the '184 Patent;

2. For a declaration that the '184 Patent is invalid and void for failing to comply with one or more of the requirements for patentability specified in 35

CHRISTIE, PARKER & HALE, LLP

U.S.C. Sections 102, 103 and 112;

3. For a declaration that the '184 Patent is unenforceable due to inequitable conduct in the prosecution of the applications leading to issuance of the '184 Patent;

4. For a permanent injunction prohibiting Counterdefendant from enforcing or attempting to enforce the '184 Patent against Counterclaimants;

5. For an award of all of Counterclaimants' costs of this action, including attorneys' fees pursuant to 35 U.S.C. Section 285 and any other applicable law; and

6. For such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants/Counterclaimants Human Touch LLC and Interactive Health, Inc., pursuant to Federal Rule of Civil Procedure 38, hereby demand a trial by jury of all issues so triable.

DATED: September 2, 2008

Respectfully submitted,
CHRISTIE, PARKER & HALE, LLP

By   /s/ Gary Dukarich
Syed A. Hassan
Gary Dukarich
E-mail: gsd@cph.com

Attorneys for Defendants/
Counterclaimants,
Human Touch LLC and
Interactive Health, Inc.

# CERTIFICATE OF SERVICE

I hereby certify the following: I am over the age of 18 years and am not a party to the above-captioned action. I am a registered user of the CM/ECF system for the United States District Court for the Southern District of California.

On September 2, 2008 I electronically filed the foregoing document, styled as **FIRST AMENDED COUNTERCLAIM; DEMAND FOR JURY TRIAL**, with the Clerk of the Court using the CM/ECF system. To the best of my knowledge, all counsel to be served in this action, listed below, are registered CM/ECF users and will be served by the CM/ECF system.

J. Michael Kaler, Esq.
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California  92121
Tel: (858) 362-3151
michael@kalerlaw.com

Melody A. Kramer, Esq.
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California  92121
Tel: (858) 362-3150
mak@kramerlawip.com

I declare under penalties of perjury under the laws of the United States that the foregoing is true and correct.

　　　　　　　　　　　  /s/  Gary Dukarich_____
　　　　　　　　　　　Gary Dukarich

GSD IRV1114923.1-*-07/31/08 3:19 PM

CHRISTIE, PARKER & HALE, LLP